## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Terry Heggs,

        Plaintiff,

v.

Olmsted County; Prosecuting Attorney
Mr. Hill, in his individual capacity; and
R.P.D.,

        Defendants.

Case No. 21-cv-756 (WMW/JFD)

**REPORT AND
RECOMMENDATION**

---

This matter is before the Court on two motions: (1) Defendant Rochester Police Department's[1] Motion to Dismiss (Dkt. No. 20), and (2) Defendants Olmsted County and Jeffrey D. Hill's[2] Motion to Dismiss (Dkt. No. 28). These motions have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends granting both motions.

Plaintiff Terry Heggs represents himself in this matter. Jason M. Hiveley and Julia C. Kelly represent the Rochester Police Department, and John M. Baker and Amran A. Farah represent Olmsted County and Jeffrey D. Hill.

---

[1] Plaintiff named "R.P.D." as a Defendant in his Complaint. The predecessor magistrate judge assigned to this case identified this Defendant as the Rochester Police Department. (Order at 3, Dkt. No. 4.)

[2] Plaintiff named "Prosecuting Attorney Mr. Hill" as a Defendant in his Complaint. The Notice of Appearance of Counsel for Mr. Hill identified him as Jeffrey D. Hill. (Ntc. Appearance at 1, Dkt. No. 15.)

## I.    Background

Plaintiff initiated this suit by filing a Complaint in the United States District Court for the District of Minnesota. (Compl. at 1.) Plaintiff is suing Defendants Olmsted County and prosecuting attorney Jeffrey D. Hill (collectively, "County Defendants") and the Rochester Police Department ("R.P.D."), all purportedly in their individual capacities pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Fourth, Fifth, Eighth, and Thirteenth Amendment rights. (Compl. at 1; Add. at 1-2, Dkt. No. 1-1.) His claims arise from an arrest by Rochester Police Department officers and criminal proceedings brought against him in Olmsted County.

In 2018, Plaintiff pleaded guilty to four felony charges and was placed on probation for 20 years.[3] *State v. Heggs*, No. A19-1523, 2020 WL 3172828, at *1 (Minn. Ct. App. Jun. 15, 2020).[4] Plaintiff's probation was revoked after he violated its terms,[5] and he was sentenced to 39 months in prison.[6] (Kelly Aff. Ex. 4, Dkt. No. 24-4.)

### A.    Allegations in Plaintiff's Complaint and Addendum

---

[3] Plaintiff pleaded guilty to "failure to register as a predatory offender (on two different cases); harassment within ten years of a conviction for a previous qualified domestic violence-related offense; and third-degree sale of methamphetamine." *Heggs*, 2020 WL 3172828, at *1.

[4] The page numbers for filings on the case docket are based on the page numbers provided by the CM/ECF system in the upper right-hand corner of each page.

[5] Plaintiff's probation violations were that he drove without a license, provided a false name to a police officer, failed to notify his probation officer of his arrest within 72 hours, failed to complete the Teen Challenge Treatment Program, failed to meet with his probation officer, and left the state of Minnesota without prior approval from his probation officer. *Heggs*, 2020 WL 3172828, at *1.

[6] The district court initially imposed a 45-month sentence, and the Minnesota Court of Appeals affirmed the conviction but remanded the case for recalculation of the criminal history score. *Heggs*, 2020 WL 3172828, at *3, 6.

Plaintiff claims that R.P.D. violated his constitutional rights when multiple officers called him racist names and threatened to shoot and kill him. (Add. at 1.) Plaintiff alleges that R.P.D. officers pulled over his known companions, without legal justification, to find out Plaintiff's whereabouts. (*Id.*) R.P.D. officers also allegedly tampered with and planted evidence, lied under oath and in reports, and coerced suspects caught with drugs to say those drugs belonged to Plaintiff. (*Id.*) Plaintiff also claims that "P.O's"[7] unlawfully arrested him by placing an "app hold on [him] for no reason," released him a few days later after admitting he was wrongfully arrested, and threatened him with prison time if he did not sign a "paper of guilt." (*Id.*) Talking with the "P.O's boss" about the incidents only made the situation worse, Plaintiff claims. (*Id.*) Plaintiff further alleges that R.P.D. officers were "racially motivated" to put him in prison by sitting in his courtroom hearings to unfairly influence the judge to rule in the officers' favor, and that R.P.D. officers "put hands on" his past girlfriends to intimidate them. (*Id.* at 3.)

Plaintiff also claims that Mr. Hill and Olmsted County violated his constitutional rights. Plaintiff argues that his constitutional rights were violated when Mr. Hill "acted as a detective," scheduled "pop-up court dates," and improperly called a witness to testify. (*Id.* at 2-3.) Plaintiff seeks to hold Olmsted County vicariously liable for the alleged actions against him. (*See id.* at 1.) It is not clear exactly whom Plaintiff intends to be considered an employee of Olmsted County. The request for relief in Plaintiff's Complaint mentions "prosecutor Hill," "detective Schlag," "Judge Stevens," "Parole Agent Robbin Wood,"

---

[7] Plaintiff does not specify what "P.O's" means. This Court assumes "P.O's" means "Police Officers."

"Parole Agent Mathew Mathies," and "Parole Agent Mary Ehicen." (Compl. at 5.) The only named Defendants in this case, however, are R.P.D., Olmsted County, and Mr. Hill, and the Court cannot discern from the Complaint or Addendum whether the individuals named in the request for relief are employees of Olmsted County. From Plaintiff's heading on the first page of his Addendum, it appears he considers R.P.D. officers to be employees of Olmsted County,[8] but that is not correct. The R.P.D. police officers work for the City of Rochester.[9] This Court considers only Mr. Hill to be an employee of Olmsted County for the purpose of determining whether Olmsted County is vicariously liable for any individual's actions.

Plaintiff claims that Mr. Hill violated his constitutional rights by "acting as a detective" and "doing pop-up court dates" to force Plaintiff to come to court on short notice to reach a plea agreement or to change the charges against him. (Add. at 2.) Mr. Hill allegedly scheduled a "pop-up court date" right before Christmas because he knew that Plaintiff did not have a phone, and Plaintiff claims he never received a letter at his home address about the court appearance. (*Id.*) Plaintiff also alleges that an arrest warrant was issued for him on a Wednesday, and the next day (Thursday), he was at the county jail but was not arrested. R.P.D. then executed a search warrant on Friday at "a residence" by

---

[8] Plaintiff's heading says, "Lawsuit: Olmsted County/R.P.D. is being sued in there [sic] individual capacity."
[9] *See Randle v. City of Minneapolis Police Dep't*, No. 06-CV-859 (PAM/RLE), 2007 WL 2580568, at *7-8 (D. Minn. Sept. 5, 2007) (dismissing a § 1983 complaint against the City of Minneapolis because the plaintiff sued the City "based solely upon the alleged acts or omissions of the *City's employees*, specifically, the *individual officers*," and vicarious liability does not apply to § 1983 claims) (emphases added).

taking the door off its hinges. (*Id.*) Plaintiff claims that R.P.D. illegally obtained the search warrant by following his friend to "a residence" and lying to Judge Stevens that drugs were found at, and being sold from, the residence. (*Id.*)

Plaintiff claims that Mr. Hill told Judge Stevens that Plaintiff was not arrested on that Wednesday or Thursday because Mr. Hill "could not get [Plaintiff] how he needed to if [Plaintiff] was on the street." (*Id.*) Mr. Hill also allegedly gave Judge Stevens Plaintiff's recorded phone calls with his girlfriend that he made from jail. (*Id.*) Plaintiff further claims that Mr. Hill called probation officer Matthew Mathies to testify, and Mr. Mathies lied by testifying that Plaintiff left Teen Challenge without staff approval, which caused Plaintiff's probation to be terminated and Plaintiff to subsequently be sentenced to prison. (*Id.* at 3.)

As relief for the alleged constitutional violations, Plaintiff is seeking $7.5 million in damages and an order firing Mr. Hill, directing an investigation of Judge Stevens, firing parole agent Robert Wood, and directing an investigation of or firing parole agents Mr. Mathies and Mary Ehicen.[10] (*Id.* at 5.)

### B.    Defendant Rochester Police Department's Motion to Dismiss

R.P.D. brings a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which this Court can grant relief. (Def. R.P.D.'s

---

[10] Plaintiff does not specify the remedy sought against Mary Ehicen, so the Court assumes Plaintiff wants Mary Ehicen fired or investigated.

Mot. Dismiss at 1, Dkt. No. 20.) R.P.D. asks this Court to dismiss Plaintiff's Complaint with prejudice. (*Id.*)

Generally, R.P.D. argues that Plaintiff is essentially attacking the validity of state criminal proceedings through this suit. More specifically, R.P.D. contends that Plaintiff failed to identify any specific individual government official who violated his constitutional rights. (Def. R.P.D.'s Mem. Supp. Mot. Dismiss at 6, Dkt. No. 23.) R.P.D. argues that the Complaint fails to specify which officers called Plaintiff racist names and threatened to kill him and also fails to give specific dates and times of the alleged misconduct. (*Id.*) The use of racial epithets alone, according to R.P.D., is not sufficient to state a claim for a violation of § 1983; Plaintiff must also have sustained an injury. (Def. R.P.D.'s Reply Mem. Supp. Mot. Dismiss at 2-3, Dkt. No. 40.) R.P.D. observes that Plaintiff did not allege an injury from racial epithets, so the § 1983 claim should be dismissed. (*Id.* at 3.)

R.P.D. further argues that Plaintiff's allegations that R.P.D. officers tampered with and planted evidence, lied under oath and in reports, and coerced suspects caught with drugs to say the drugs belonged to Plaintiff have already been litigated, and are thus barred by *Heck v. Humphrey*, 512 U.S. 447 (1994). (Def. R.P.D.'s Mem. Supp. Mot. Dismiss at 7.) R.P.D. points out that Plaintiff pleaded guilty to the criminal charges against him; the state district court revoked his probation and sentenced him to prison; and the Minnesota Court of Appeals upheld his conviction. (*Id.*) R.P.D. further claims that Plaintiff's remaining allegations—*i.e.*, harassment of a friend, executing a "bogus" warrant, removing

hinges from a door, and asking Plaintiff's neighbors where he was—do not amount to constitutional violations. (Def. R.P.D.'s Reply. Mem. at 3.)

### C.    The County Defendants' Motion to Dismiss

The County Defendants bring a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which this Court can grant relief. (County Defs.' Mot. Dismiss at 1, Dkt. No. 28.) The County Defendants ask this Court to dismiss Plaintiff's Complaint with prejudice. (*Id.*) The County Defendants claim that Plaintiff's Complaint does not specify how any of the probation officers or Mr. Hill's actions violated Plaintiff's constitutional rights under § 1983. (County Defs.' Mem. Supp. Mot. Dismiss at 6, Dkt. No. 30.)

In addition, Mr. Hill asserts that his actions are protected by prosecutorial immunity. (*Id.* at 7.) He argues that scheduling "pop-up court dates," speaking about plea deals that never materialized, giving Judge Stevens recordings of Plaintiff's phone calls with his girlfriend, and calling a witness to testify who allegedly lied about Plaintiff's completion of Teen Challenge are protected by prosecutorial immunity. (*Id.* at 7-8; County Defs.' Reply Mem. Supp. Mot. Dismiss at 7-8, Dkt. No. 41.) Regardless of prosecutorial immunity, Mr. Hill argues, Plaintiff did not sufficiently allege that Mr. Hill participated in preparing the search warrant application with the alleged false statements, nor did he violate any constitutional rights "*when acting as a detective*."[11] (County Defs.' Mem. Supp.

---

[11] Mr. Hill does not say whether "acting as a detective" falls outside the scope of prosecutorial immunity, but argues that even if he acted as a detective, Plaintiff's constitutional rights were not violated. (*Id.* at 10.)

Mot. Dismiss at 10.) Alternatively, even if Plaintiff's constitutional rights were violated, Mr. Hill argues he is protected by qualified immunity because scheduling "pop-up court dates" does not violate a clearly established constitutional right. (*Id.* at 11.) Finally, Mr. Hill argues that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claim that Mr. Hill violated his constitutional rights by calling a witness at trial who allegedly lied. (*Id.* at 9.) According to Mr. Hill, *Heck* precludes such a claim unless and until it is proven that Plaintiff's probation revocation was invalid. (*Id.*)

Olmsted County argues that it cannot be held vicariously liable under § 1983 for any of its employees' actions. (*Id.* at 12.) Citing *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016), Olmsted County argues that it can be held vicariously liable under § 1983 only if the alleged violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. (*Id.*) Olmsted County claims that Plaintiff's allegations that probation officers unlawfully arrested him, lied on the stand, and threatened him with prison time does not create a plausible inference of an official policy, unofficial custom, or deliberately indifferent failure to train or supervise. (*Id.* at 13.) Finally, Olmsted County argues that Plaintiff fails to plausibly allege that any other county employee, including Mr. Hill, caused him injury as the result of a policy, custom, or failure to train or supervise. (County Defs.' Reply Mem. at 3.)

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to Plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

Courts should construe *pro se* complaints liberally, but a *pro se* plaintiff must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[I]n fulfilling its duty to liberally construe a civil-rights pleading," a court need not "divine the litigant's intent and create claims that are not clearly raised," nor "read or construct an argument into a civil-rights pleading." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). Courts are also not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

## III.    Analysis

### A.    Defendant Rochester Police Department's Motion to Dismiss

Plaintiff is suing R.P.D., purportedly in its individual capacity, for violating his constitutional rights under § 1983. Plaintiff's claims against R.P.D. must be dismissed because an entity such as R.P.D. cannot be sued in its individual capacity. Individual-capacity suits "seek to impose personal liability on a *government official* for actions taken under color of state law," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (emphasis added),

and are brought against an individual state actor himself or herself. *Washington v. Craane*,

No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019), *R. &*

*R. adopted*, 2019 WL 2142499 (D. Minn. May 16, 2019). Official-capacity suits, by

contrast, "generally represent only another way of pleading an action against an entity of

which an officer is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690

n.55 (1978). "[T]he real party in interest in an official-capacity suit is the governmental

entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Even if the Court were to construe Plaintiff's claims against R.P.D. as official-

capacity claims they would fail. For R.P.D. to be sued in its official capacity, it must be

considered a "person" under § 1983. Municipalities, including counties and local

governmental bodies, can be considered "persons" under § 1983. *Monell*, 436 U.S. at 690.

A municipality is a "person" under § 1983, "but is liable only when 'action pursuant to

official municipal policy of some nature caused a constitutional tort.'" *Reinhart v. City of*

*Brookings*, 84 F.3d 1071, 1073 (8th Cir. 1996) (quoting *Monell*, 436 U.S. at 691). A police

department such as R.P.D., by contrast, is not a "person" under § 1983; rather, it is a

subdivision of a city and thus not subject to suit under § 1983. *Ketchum v. City of W.*

*Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *see also Anderson v. City of Hopkins*, 805 F.

Supp. 2d 712, 719 (D. Minn. 2011) ("Municipal police departments are not legal entities

subject to suit."). Accordingly, to the extent Plaintiff's Complaint could be interpreted as

suing R.P.D. in an official capacity, his claims must be dismissed.

If the Court were to consider the actions of the individual officers—who are not

named as defendants in this suit—a § 1983 claim must allege deprivation "of a right,

privilege, or immunity secured by the Constitution and laws of the United States through the conduct of *persons* acting under color of state law." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (emphasis added). Plaintiff alleges that R.P.D. officers violated his constitutional rights in various ways (Add. at 1), but he has not named any specific officers (other than a Detective Schlag, who is not a defendant) or linked a particular officer to an alleged unconstitutional act. "[C]ivil-rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing." *Prowell v. PK*, 09-CV-2409 (JRT/JJK), 2011 WL 3610410, at *4 (D. Minn. May 24, 2011) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)), *R. & R. adopted*, 09-CV-2409 (JRT/JJK), 2011 WL 3609594 (D. Minn. Aug. 16, 2011), *aff'd sub nom. Prowell v. Schock*, 469 F. App'x 493 (8th Cir. 2012). Plaintiff named individual police officers and probation officers in his Complaint only in his request for relief that such officers be fired or investigated. Plaintiff did not allege, however, which individual officers committed an alleged constitutional violation.[12]

In sum, R.P.D. cannot be liable under § 1983 for the constitutional violations alleged. Accordingly, this Court recommends that R.P.D's Motion to Dismiss be granted. The Court further recommends that dismissal be with prejudice because re-pleading will not cure the deficiencies. *See Vigeant v. Meek*, 352 F. Supp. 3d 890, 900 (D. Minn. 2018) ("Dismissals with prejudice occur where no amount of re-pleading will cure the

---

[12] Plaintiff filed a newspaper article about Rochester Police Officer Ben Schlag as part of his response to R.P.D.'s motion. (Dkt. No. 37.) The Court does not consider the article because it is outside the scope of Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(d); *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

deficiencies.") (cleaned up), *aff'd*, 953 F.3d 1022 (8th Cir. 2020); *see also Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) (finding it "well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile").

### B.    The County Defendants' Motion to Dismiss

Plaintiff is suing Mr. Hill and Olmsted County in their personal capacities for violating his constitutional rights under § 1983.

#### 1.    Claims Against Mr. Hill

Plaintiff alleges that Mr. Hill, while acting as a county prosecutor, violated his constitutional rights. Mr. Hill is a governmental official, so he can be sued in his individual capacity.

To adequately plead § 1983 claims against Mr. Hill, Plaintiff must plausibly allege that Mr. Hill was (1) a state actor and (2) acted under color of state law (3) to deprive Plaintiff of one or more federal constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)). Thus, to survive Mr. Hill's Motion to Dismiss, Plaintiff must plausibly allege what Mr. Hill did – or did not do – while he acted under state authority, to violate Plaintiff's constitutional rights.

But even if Plaintiff makes these plausible allegations, Plaintiff faces another hurdle. The Supreme Court has held that prosecutors are "absolutely immune" from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case"

when their conduct is "intimately associated with the judicial phase of the criminal process." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). When the prosecutor is acting as an advocate for the State, he or she is entitled to absolute prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Trobaugh v. Kelly*, 2000 WL 688222, at *1 (8th Cir. May 30, 2000) (citing *Buckley*, 509 U.S. at 273, and holding county attorneys are entitled to absolute prosecutorial immunity). Therefore, absolute prosecutorial immunity extends to a prosecutor's belief in the existence of probable cause, decision to file charges, and presentation of information and motions in court because such determinations "involve the exercise of professional judgment." *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). Prosecutors "seeking absolute immunity bear[] the burden of showing that it is justified by the function in question." *Burns*, 500 U.S. at 486.

Plaintiff alleges that Mr. Hill violated his constitutional rights by "acting as a detective," scheduling "pop-up court dates," falsely saying his charges would be changed, illegally obtaining a search warrant by lying that drugs were found and being sold at a residence, allowing Judge Stevens to listen to his recorded phone calls from jail, and calling a probation officer to the witness stand who falsely claimed that Plaintiff did not complete Teen Challenge. (Add. at 2-3.) The Court finds that these claims fail because Mr. Hill is protected by prosecutorial immunity.  All of Plaintiff's allegations against Mr. Hill involve Mr. Hill's responsibilities as a prosecutor. Scheduling court dates, offering plea terms to the charges against Plaintiff, providing recorded phone calls to the court, and calling

witnesses are personal judgment calls that are "intimately associated with the judicial phase of the criminal process." *See Woodworth*, 891 F.3d at 1089.

If Mr. Hill directly lied in a search warrant affidavit, he would not be protected by absolute prosecutorial immunity. *Kalina*, 522 U.S. at 130. Plaintiff, however, does not allege that Mr. Hill personally lied in the search warrant affidavit and nothing in the Complaint implies such a conclusion. Plaintiff simply alleges that there were "bogus warrants" and "*R.P.D.* … began asking all the neighbors about [Plaintiff], they then lied to get a warrant saying drug[s] were found and being sold from the residence." (Add. at 2 (emphasis added).)

Finally, this Court agrees with the County Defendants that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claim regarding Mr. Hill and Mr. Mathies. Plaintiff claims Mr. Hill violated § 1983 by calling Mr. Mathies as a witness who falsely testified that Plaintiff did not complete Teen Challenge, which caused Plaintiff's probation to be revoked and Plaintiff subsequently to be sentenced to prison for 39 months.[13] In *Heck*, the Supreme Court held that for a § 1983 plaintiff to recover for an allegedly unconstitutional imprisonment, the "plaintiff must prove that the . . . sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's claim is barred by *Heck* because the state district

---

[13] Plaintiff filed a certificate which purportedly shows that he successfully completed Teen Challenge (Dkt. No. 37-1); however, this Court does not consider the certificate because it is outside the scope of the pleadings.

court concluded that Plaintiff violated his probation terms, and the Minnesota Court of Appeals affirmed the conviction and remanded for sentencing purposes.

### 2. Claims Against Olmsted County

Olmsted County cannot be sued in its individual capacity because it is an entity, not a government official. To the extent Plaintiff's Complaint could be interpreted as suing Olmsted County in its official capacity, the county must be considered a "person" under § 1983. Local governmental bodies, such as Olmsted County, are "persons" under § 1983. *Monell*, 436 U.S. at 690.

Olmsted County could be liable under § 1983 for a constitutional violation if the violation resulted from (1) an official county policy, (2) an unofficial county custom, or (3) a deliberately indifferent failure by the county to train or supervise. *Corwin*, 829 F.3d at 699 (citing *Monell*, 436 U.S. at 691; *Harris*, 489 U.S. at 389). An official policy is "a deliberate choice of a guiding principle or procedure made by the [county] official who has final authority regarding such matters." *See id.* at 700 (quotation omitted). "Custom liability" requires the following:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom.

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014). Not only has Plaintiff failed to plausibly allege that Mr. Hill violated a constitutional right, but Plaintiff also fails to allege that Olmsted County had an official county policy, an unofficial county

custom, or a deliberately indifferent failure to train or supervise. Nowhere in Plaintiff's Complaint does he allege that such a policy, custom, or deliberate indifference existed in Olmsted County.

To the extent Plaintiff seeks to hold Olmsted County vicariously liable for the actions of Mr. Hill or the probation officers, his claim fails. "*Respondeat superior* or vicarious liability will not attach under § 1983," *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell*, 436 U.S. at 694.

Accordingly, this Court recommends that the County Defendants' Motion to Dismiss be granted. The Court further recommends that the dismissal be with prejudice because re-pleading could not cure the deficiencies. *See Knowles*, 2 F.4th at 758; *Aery v. Cremens*, No. 20-CV-0055 (JRT/ECW), 2021 WL 536269, at *6 (D. Minn. Jan. 28, 2021), (recommending dismissal with prejudice of individual-capacity § 1983 claim against county attorney because absolute immunity applied), *R. & R. adopted*, 2021 WL 1187259 (D. Minn. Mar. 30, 2021) (adopting recommendation); *Sample v. City of Woodbury*, No. 15-CV-602 (SRN/BRT), 2017 WL 2080255, at *4-5 (D. Minn. May 12, 2017) (dismissing with prejudice *Monell* claim in part because there could be no individual liability on the underlying constitutional claim); *Milliman v. Cty. of Stearns*, No. 13-cv-136 DWF/LIB, 2013 WL 5426049, at *2, 12 n.24 (D. Minn. Sept. 26, 2013) (dismissing with prejudice *Monell* claim because no factual allegations supported it).

16

## IV.    Recommendation

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Rochester Police Department's Motion to Dismiss (Dkt. No. 20) be **GRANTED** and all claims be **DISMISSED WITH PREJUDICE**;

2. Defendants Olmsted County and Jeffrey D. Hill's Motion to Dismiss (Dkt. No. 28) be **GRANTED** and all claims be **DISMISSED WITH PREDJUCICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: March 24, 2022                 _s/ John F. Docherty_____
                                      JOHN F. DOCHERTY
                                      United States Magistrate Judge


### NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days after being served a copy of the objections. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).